UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:02 CR 375 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| HENRY LAMONT CALDWELL, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Henry Lamont Caldwell's Motion for Reduced Sentence Under Section 404 of the First Step Act of 2018. (ECF # 46). The government filed a Response in Opposition to the motion. (ECF # 47). Defendant filed a Reply adding a request for reduction based on the First Step Act's amendments to the good-time credit statute, 18 U.S.C. §3624(b), and the Government filed a sur-reply opposing any action by the Court with regard to the good-time credit calculation. (ECF #48. 49).

In September of 2003, Mr. Caldwell pled guilty to possessing with intent to distribute between 50 and 150 grams of crack cocaine, with an enhancement under 28 U.S.C. §851(a)(1) for a qualifying prior conviction. (ECF #22). Mr. Caldwell was sentenced as a career offender and pursuant to the plea agreement was to be sentenced at an offense level 34, criminal history category VI, with a guideline sentencing range of 262-327 months. Because of the enhancement, at the time of his sentencing he was subject to mandatory minimum sentence of twenty years and

a maximum of life, with a minimum period of ten years of supervised release to follow. (ECF #22). The Court sentenced Mr. Caldwell to 262 months, the low end of the applicable guideline range.

On December 20, 2018, Congress passed the First Step Act of 2018. Section 404 of the Act provides that a court that imposed a sentence for a covered offense may, on motion of the defendant... impose a reduced sentence as if sections two and three of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. However, no court shall entertain a motion made under section 404 if the sentence was previously imposed or reduced in accordance with sections two and three of the Fair Sentencing Act, or if prior request made under this section was denied after a complete review on the merits. Reductions are not mandatory, but are left to the discretion of the sentencing judge. See, Pub. L. No. 115-391, Title IV, § 404, Dec. 21, 2018.

Both parties agree that if the Fair Sentencing Act had been in place at the time of Mr. Caldwell's original sentencing, his mandatory minimum sentence would have been reduced from twenty years to ten years. They also agree that he would have been subject to a mandatory eight years of supervised release, rather than ten. The parties also do not dispute that Mr. Caldwell's original sentence was imposed for a covered offense, was not previously imposed or reduced in accordance with the Fair Sentencing Act, and no prior request for reduction under the First Step Act have been reviewed on the merits. The government argues, however, that Mr. Caldwell's sentence should not be reduced because his sentence was based on the guideline range set forth in the plea agreement and was not affected by the mandatory minimum in place at the time. The Court agrees with this assessment. Mr. Caldwell's sentence is the same sentence that this

Court would have imposed regardless of whether the mandatory minimum had been ten years at the time of sentencing. The guideline range applicable to his case has not changed. Further, his sentence is justified by a variety of considerations previously set forth in the plea agreement and discussed at Mr. Caldwell's original sentencing, including the nature of the crime, Mr. Caldwell's prior drug convictions, the need to protect the public, and the amount of drugs involved in this case. Further, the upper end of the statutory maximum for the amount of drugs involved in Mr. Caldwell's case has not changed. Therefore, no reduction in sentence is warranted.

Mr. Caldwell is, however, entitled to a reduction in the duration of his supervised release. The parties agree that the newly applicable period of release is a minimum of eight years, pursuant to 21 U.S.C. §841(b)(1)(B), and the government has no objection to his request for this reduction.

With regard to the Mr. Caldwell's request for the application of additional good-time credits, the Government is correct that this request is not one that can be properly addressed by the Court in this manner. Although Section 102(b) of the First Step Act amends 18 U.S.C. §3624(b) to allow up to 54 day of good conduct time for each year of incarceration imposed by the court, as opposed to each year of actual time served, the Bureau of Prisons ("BOP") continues to have exclusive jurisdiction to determine sentence credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992). This Court has no authority to award sentencing credits. *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996). Further, this provision of the First Step Act does not take effect until the Attorney General completes and releases the risk and needs assessment system under Section 101(a) of the Act, which is currently required to be by July 19, 2019. See,

18 U.S.C. §3632(a). If Mr. Caldwell believes he will be entitled to additional good-time credit after the provision takes effect, he must then exhaust his administrative remedies before petitioning the Court for habeus relief, in the district of confinement. *See, Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231-32 (6th Cir. 2006); *see also, Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004).

For the above reasons, this Court Grants in part and Denies in part Mr. Caldwell's petition for relief. (#46). Mr. Caldwell term of supervised release is, hereby, reduced to a period of eight years. All other aspects of his original sentence remain intact. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: April 30, 2019