# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 5:02 CR 375 |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| HENRY CALDWELL, ) | MEMORANDUM OPINION |
| Defendant. ) | AND ORDER |

This matter comes before the Court upon Defendant, Henry Caldwell's *pro se* Motion For Reconsideration Due To Denial of the First Step Act. (ECF #51). Mr. Caldwell pled guilty to one count of being a felon in possession of a firearm, and one count of possessing crack cocaine with the intent to distribute. He was sentenced in September of 2003 to 262 months of imprisonment to be followed by 10 years of supervised release. On April 30, 2019, this Court granted, in part, Mr. Caldwell's request for relief under the First Step Act. (ECF #50). Pursuant to that Act, Mr. Caldwell's term of supervised release was reduced to eight years, but the remainder of his sentence remained unchanged. (ECF #50). The Court explained in that his term of imprisonment was not affected by the amendments adopted through the First Step Act.

Mr. Caldwell seeks reconsideration on the grounds that his original sentence was increased due to an enhancement under 28 U.S.C. §851(a)(1) for a qualifying prior conviction. He argues that if he had been sentenced today, the §851 enhancement would not apply and his

sentencing guideline range would be lower. The First Step Act does not require or even authorize this Court to re-write the law that was applicable to the Defendant at the time of his sentencing. There is no dispute that the §851 enhancement was properly applied and considered at the time of Mr. Caldwell's original sentencing, and there is no argument that there has been a retroactive change to the application of that enhancement through the First Step Act or otherwise. There is, therefore, no legal reason for this Court to re-consider the partial denial of Mr. Caldewell's First Step Act request based on Mr. Caldwell's allegation that there has been a subsequent change to the enhancement criteria.

To the extent that Mr. Caldwell's Motion also infers that the Court should reconsider because the guidelines are no longer considered mandatory, the Court also declines reconsideration on this ground. Consideration of the factors set forth in 18 U.S.C. § 3553(a), as they applied at the time of his sentencing, supports a guideline sentence in Mr. Caldwell's case.

For the reasons set forth above, Mr. Caldwell's Motion to Reconsider is DENIED. (ECF #51). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 18, 2019